**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONNIE VINCENT QUANN et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil Action No. 24-1143 |
| | ) |
| THE SUMMIT SCHOOL, INC. t/b/d/a/ | ) |
| The Academy Schools, t/b/d/a/ The Summit | ) |
| Academy, PHILADELPHIA COUNTY | ) |
| JUVENILE PROBATION DEPARTMENT, and | ) |
| JOHN/JANE DOES 1-100, | ) |
| | ) |
| Defendants. | ) |

**ORDER OF COURT**

AND NOW this 15th day of April, 2026, for the reasons set forth in the accompanying Memorandum Opinion filed this day,

IT IS HEREBY ORDERED that the Motion to Dismiss Plaintiffs' Second Amended Complaint filed by the Philadelphia County Juvenile Probation Department (Docket No. 57) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss Plaintiff's Second Amended Complaint filed by The Summit School (Docket No. 59) is GRANTED IN PART AND DENIED IN PART. Specifically, the motion is GRANTED to the extent that Count 3 (4th Amendment claim) and Counts 8-16 are DISMISSED WITHOUT PREJUDICE, and the motion is DENIED to the extent that it seeks dismissal of Counts 2, 3 (8th and 14th Amendment claims), 4 and 7.

IT IS FURTHER ORDERED that the Motion to Sever filed by The Summit School (Docket No. 61), which Plaintiffs do not oppose, is GRANTED. Accordingly:

1.  Plaintiff Ronnie Vincent Quann shall proceed as the sole plaintiff in this case.  The docket of the present case (Docket No. 24-1143) should show that all Plaintiffs have been terminated as of the date of this Order, except for Plaintiff Quann.

2.  The claims of the remaining Plaintiffs are severed from this case.

3.  The Clerk of Court is directed to:

    a.  Open six separate civil actions for Plaintiffs Devon Batista, William May, Sharief Clayton, Robert Borders, Kyle Mikell-Givens, and Saheed Bailey;

    b.  Each of the six new actions should be filed as "related to" the present action, and all the actions should be assigned to this judicial officer;

    c.  File and docket a copy of the Second Amended Complaint (Docket No. 56) in the six new cases opened for Plaintiffs Batista, May, Clayton, Borders, Mikell-Givens, and Bailey, but the docket caption for each of those newly opened cases should reflect only the one appropriate individual who is the actual named Plaintiff in that case;

    d.  File and docket this Order, and the accompanying Memorandum Opinion, in this case and in the six new cases opened for Plaintiffs Batista, May, Clayton, Borders, Mikell-Givens, and Bailey;

4.  A filing fee in the amount of $405.00 shall be remitted to the Clerk of Court for each Plaintiff's severed complaint (but not for Plaintiff Quann).  Any Plaintiff's failure to remit the required filing fee by **April 22, 2026**, will result in the dismissal of any and all claims asserted by that Plaintiff.

5.  Any Plaintiff who wishes to amend any of the dismissed claims at Counts 3 (4th Amendment claim) and Counts 8-16 of the Second Amended Complaint must file, in

his own case, a motion seeking leave to file a Third Amended Complaint by **April 29, 2026**, and any such motion must set forth the bases, with specificity, as to why amendment of such claim(s) would not be futile.  Defendants may file response(s) opposing any such motions by **May 13, 2026**.

6. The Second Amended Complaint shall remain the operative complaint in each of the cases in which the Plaintiff does not seek leave to amend any of his dismissed claims by **April 29, 2026**.  In all such cases, Defendants shall file their answers to the surviving claims in the Second Amended Complaint by **May 20, 2026**.

7. Counsel shall meet and confer and submit proposed case management orders, to include coordination of these actions in all appropriate respects, by dates to be set by further order of Court.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record